**Sean D. Garrison** (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Fax: (480) 245-6231

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Only Human, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Be A Good Person, LLC, a Colorado limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND NON-INFRINGEMENT, AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**<br><br>**(Jury Trial Demanded)** |

For its complaint, Plaintiff Only Human, LLC ("Only Human") alleges:

1. This is an action to prevent the defendant, Be A Good Person, LLC ("BAGP"), from attempting to usurp and monopolize the commonly used, communicative phrase "be a good person" for its own exclusive use and also to prevent BAGP from attempting to stop Only Human from exercising its free speech rights under the First Amendment and engaging in the fair use of the phrase "be a good human."

2. Only Human seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, of trademark invalidity and non-infringement of the alleged mark BE A GOOD PERSON and

1

also an order pursuant to 15 U.S.C. §1119 canceling BAGP's federal trademark registration number 5171485 on grounds that the commonly used phrase "be a good person" fails to function as a valid trademark for apparel and related merchandise.

## PARTIES

3. Only Human is an Arizona limited liability company formed in 2016 with its principal place of business located in Phoenix, Arizona.

4. Only Human is a community based organization that promotes human kindness and social entrepreneurship.

5. Each month, Only Human launches a cause campaign targeting a particular topic affecting humanity and highlighting one nonprofit organization. As part of the campaign, Only Human invites people to share their related stories, to attend an event to promote the topic and/or that month's nonprofit partner, or to support the cause by purchasing merchandise from which a portion of the funds are donated to the nonprofit.

6. Only Human offers a variety of apparel, accessories, and stickers for sale from which ten percent of the profits are donated to the nonprofit partner of the month.

7. These products are branded with the ONLY HUMAN mark and imprinted with a variety of inspirational messages encouraging others in their personal interactions and relationships, including but not limited to phrases like:

- BE A GOOD HUMAN.
- BELIEVE IN THE GOOD
- LOVE LIKE YOU MEAN IT

- WORK HARD & BE COOL TO ALL HUMANS
- OUR FINGERPRINTS NEVER FADE FROM THE LIVES WE TOUCH, and
- LOVE IS STRONGER

among many others.  Examples of products bearing these inspirational phrases, which appear in an artistic and ornamental manner on the products, are attached as Exhibit A.

8. Defendant Be A Good Person, LLC ("BAGP") is a Colorado limited liability company with its principal place of business located in Denver, Colorado.

9. Upon information and belief, BAGP is a clothing company selling apparel and accessories bearing the inspirational phrase BE A GOOD PERSON.  Examples of BAGP's merchandise are shown on Exhibit B.

10. BAGP sought and obtained U.S. federal trademark registration 5171485 for BE A GOOD PERSON in class 25 for "Bathing suits; Hats; Leggings; Pants; Socks; Short-sleeved or long-sleeved t-shirts" (the "'485 Registration").

11. As alleged in more detail below, BAGP (a) has accused Only Human of infringing upon the BE A GOOD PERSON trademark based on the sale of its merchandise bearing the inspirational phrase "be a good human", (b) has demanded that Only Human cease and desist all sales of products bearing this phrase, provide an accounting to BAGP of all sales of such products, and cease all related use of the "be a good human" phrase, and (c) has explicitly threatened to pursue legal action against Only Human if it fails to comply with all of BAGP's demands.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§1331 and 1338 because it involves federal trademark questions arising under the federal Lanham Act, 15 U.S.C. §1051 *et seq*.

13. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. The Court has personal jurisdiction over BAGP because, upon information and belief, it regularly conducts business in Arizona and/or with Arizona residents and because it has targeted Only Human in this state and purposefully directed its activities with regard to this dispute to this district.

15. Venue is proper under 28 U.S.C. §1391(b) because BAGP is a resident of this district by virtue of the Court having personal jurisdiction over it and because a substantial part of the events giving rise to the claim have occurred here.

## GENERAL ALLEGATIONS

16. Only Human has been selling apparel and other merchandise bearing the inspirational phrase "BE A GOOD HUMAN." since at least as early as June of 2017 and has continuously sold such merchandise since that time.

17. Only Human uses the inspirational phrase "BE A GOOD HUMAN." as ornamentation on the goods and to convey a positive message about the person wearing or using the item and their values, as well as words of encouragement to others who see it.

18. No "TM" or other symbol claiming trademark rights appears with the phrase because Only Human does not use the phrase as a trademark for its goods, which instead typically bear the ONLY HUMAN mark.

19. Only Human was unaware of BAGP and its alleged BE A GOOD PERSON trademark when it began selling its merchandise bearing the "BE A GOOD HUMAN." phrase.

20. On January 31, 2020, Only Human received a cease and desist letter from BAGP's trademark attorney, a true and correct copy of which is attached as Exhibit C (the "C&D Letter"). The re: line of the letter states: "Demand to Cease and Desist – Trademark Infringement."

21. The C&D letter contains the following allegations and demands:

- Merchandise being sold on Only Human's website, Facebook page, and Instagram page "violate[s] BAGP's intellectual property rights"

- BAGP "actively polices, monitors, and defends" its BE A GOOD PERSON mark

- "The trademark BE A GOOD PERSON is strongly associated with BAGP, particularly in the apparel industry, reaching customers in all 50 states as well as 30 countries worldwide."

- "BAGP has expended considerable effort and expense in promoting and defending the BE A GOOD PERSON mark."

- "For these reasons, among others, we request that [Only Human] immediately cease selling Merchandise . . . including [Only Human's] use of the words "be a good human."

- "Furthermore, you must provide . . . an accounting of all sales of merchandise and goods relating to my client's Mark, specifically your goods and merchandise utilizing the words "be a good human."

- "We also request that [Only Human] cease all marketing efforts that relate, directly or indirectly, to the Mark, including, but not limited to all web sites and social media associated with [Only Human's] use of "be a good human," and any related content in connection with [Only Human's] products or services.

22.  The C&D Letter concludes by demanding a response by February 13, 2020 and asserting that the "[f]ailure to make such contact and agree to immediately cease your infringing actions in that time frame will indicate your intention not to resolve this matter. In the event of your inaction my client is prepared to bring further legal action against you."

23.  The C&D Letter leaves Only Human with two choices: (1) immediately cease and desist its use of the phrase "be a good human;" or (2) face legal action brought by BAGP. The letter was intended to impose and has imposed a reasonable fear of litigation from BAGP if Only Human continues with its use of the inspirational "be a good human" phrase.

24.  Only Human is currently in the process of ordering additional inventory for its upcoming events, and BAGP's litigation threat places Only Human in the predicament of ordering additional inventory under the cloud of this threat or delaying any additional

inventory purchases with a potential negative effect on its business if it is unable to fulfill customer orders.

25. A genuine dispute and actual controversy currently exists regarding Only Human's right to continue using the "be a good human" inspirational phrase and BAGP's rights in its alleged BE A GOOD PERSON trademark.

26. BAGP did not coin the phrase "be a good person."

27. "Be a good person" is a commonly used and understood communicative message about how to live one's life.

28. "Be a good person" is frequently used by unrelated third parties in connection with book titles, in articles, videos and even on clothing and other merchandise offered by third parties unrelated to BAGP. True and correct copies of some examples of such use are attached as Exhibit D.

29. T-shirts, hats, bracelets, and other clothing items are commonly used as vehicles for expressing communicative messages.

30. Upon seeing a t-shirt or other article of clothing bearing the phrase "Be a good person" or "Be a good human," the ordinary and prudent consumer will understand and interpret the phrase as a communicative message and is not likely to view the phrase as a mark indicating the source of origin for the product on which the phrase appears.

31. As such, the phrase "Be a good person" fails to function as a trademark for BAGP or any other person's goods or services.

32. Upon seeing Only Human's merchandise containing the "be a good human" inspirational phrase, consumers are not likely to be confused that such products originate with or are in any way associated with, sponsored by, or endorsed by BAGP.

33. Upon information and belief, BAGP is aware of no instances of actual consumer confusion arising from Only Human's use of the phrase "be a good human" on its merchandise or otherwise.

34. Only Human has experienced no consumer inquiries or instances of consumer confusion with regard to its use of the "be a good human" phrase.

35. Upon information and belief, BAGP has been aware of Only Human's use of the "be a good human" phrase on clothing items since at least the Denver Pride festival in June of 2018.

## Count One

### (Declaratory Judgment of Trademark Invalidity)

36. Only Human incorporates the prior paragraphs 1-35 above as if fully set forth here.

37. "Be a good person" is a commonly used platitude and informational phrase that did not originate with and is not used exclusively by BAGP.

38. Because it is a commonly used informational phrase, "Be a good person" fails to function as a trademark to designate a single source of goods or services – whether that be BAGP's or anyone else's.

39. Accordingly, Only Human is entitled to a declaratory judgment that BAGP's BE A GOOD PERSON trademark is invalid because it fails to function as a mark.

### Count Two

**(Declaratory Judgment of Non-Infringement)**

40. Defendants incorporate the prior paragraphs 1-35 above as if fully set forth here.

41. To the extent BAGP has any enforceable trademark rights in the BE A GOOD PERSON phrase, Only Human's merchandise bearing the ornamental, inspirational phrase "BE A GOOD HUMAN." is not likely to cause confusion as to the source, sponsorship, affiliation, or endorsement of its products.

42. To the extent BAGP has any enforceable trademark rights in the BE A GOOD PERSON phrase, Only Human's use of the ornamental, inspirational phrase "BE A GOOD HUMAN." is a fair use protected under 15 U.S.C. §1115(b)(4).

43. For each of these independent reasons, Only Human is entitled to a declaration that its use of "BE A GOOD HUMAN." does not infringe upon any trademark rights of BAGP.

### Count Three

**(Cancellation of Federal Trademark Registration)**

44. Only Human incorporates the prior paragraphs 1-39 above as if fully set forth here.

45. In any action involving a federally registered trademark, the Court has the power to determine the right to registration of that mark and order cancellation of the registration under 15 U.S.C. §1119.

46. Failure to function as a trademark is a valid grounds for canceling any registration that is less than five years old.

47. The '485 Registration is less than five years, and the phrase BE A GOOD PERSON fails to function as a valid trademark.

48. The Court should enter an order canceling the '485 Registration.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

Only Human prays for the following relief:

A. The entry of a judgment declaring that:

1. BE A GOOD PERSON fails to function as a valid trademark; and
2. To the extent BAGP owns any trademark rights in the phrase BE A GOOD PERSON, Only Human's use of the phrase "BE A GOOD HUMAN." does not infringe upon BAGP's rights;

B. An order canceling U.S. Trademark Registration No. 5171485

C. An award of costs

D. An award of attorney's fees pursuant to 15 U.S.C. § 1117(a).

Dated: February 13, 2020

By:    s/Sean Garrison/
Sean D. Garrison (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
BACAL & GARRISON LAW GROUP
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Telephone: (480) 245-6230
Fax: (480) 245-6231
*Attorneys for Plaintiff*